IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| NEW HAMPSHIRE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) | |
| v. | ) ) | CASE NO. 1:09-cv-730-MEF |
| FLOWERS INSURANCE AGENCY, LLC, *et al.*, | ) ) ) | (WO—Publish) |
| Defendants. | ) ) | |

## **MEMORANDUM OPINION AND ORDER**

This cause is before the Court on the defendants' Motion to Dismiss (Doc. # 6), filed on August 26, 2009, and Motion to Dismiss Plaintiff's First Amended Complaint (Doc. # 16), filed on October 22, 2009. For the following reasons, the Court will grant the motions in part and deny the motions in part.

### I. BACKGROUND

Blue Water Off Shore, LLC ("Blue Water") owned a sixty-one-foot yacht, and it hired the defendants, Flowers Insurance Company, LLC and Hugh Tripp Wheelless (collectively, "Flowers"), to get casualty insurance for the yacht. Flowers obtained an insurance policy from the plaintiff, New Hampshire Insurance Company ("NHIC"). The policy contained coverage exclusions for losses arising from any lack of reasonable care or due diligence in the operation of the yacht or

from the criminal acts of Blue Water's employees.

According to NHIC's complaint, NHIC sent the policy to an insurance broker, W.R. Hodgens Insurance, Incorporated ("Hodgens"), for delivery to Blue Water. But before Hodgens sent the policy to Blue Water, Flowers contacted Hodgens twice—first by e-mail and then by telephone—and told Hodgens to send the policy to Flowers instead of Blue Water because Blue Water preferred to have its insurance correspondence sent to Flowers. As a result, Hodgens sent the policy to Flowers. Flowers did not send the policy to Blue Water, meaning that unless Flowers was Blue Water's agent, Blue Water did not receive legal notice of the coverage exclusions in the policy.

In August 2007, during the term of the policy, the captain of the yacht, an employee of Blue Water, steered the yacht into a submerged wall, breaching its hull and rendering it a total loss. Alabama law-enforcement officers arrested the captain at the scene for boating under the influence.

In October 2007, NHIC filed a declaratory-judgment action, styled *New Hampshire Insurance Co. v. Blue Water Off Shore, LLC*, Case No. CV-07-754 ("*New Hampshire*"), against Blue Water in the U.S. District Court for the Southern District of Alabama. NHIC sought a declaration that it was not liable under the insurance policy for the loss of the yacht because the captain's intoxication at the

time of the casualty triggered the reasonable-care and criminal-acts coverage exclusions in the policy. Blue Water denied that the coverage exclusions applied and further asserted that NHIC was estopped to rely on them because it had not delivered the policy to Blue Water. Blue Water counterclaimed for breach of the insurance policy and bad faith.

The jury returned a general verdict for Blue Water on its breach-of-contract claim and awarded damages in the amount of the loss (the insured value of the yacht under the policy). The jury then returned a general verdict for NHIC on the bad-faith claim. The trial court in *New Hampshire*, in denying NHIC's motion for a new trial, ruled that the jury finding at the heart of the judgment—that the reasonable-care and criminal-acts exclusions did not apply to shield NHIC from liability under the insurance policy—was necessarily based on at least one of only three alternative factual scenarios: (1) the captain was not intoxicated at the time of the casualty (so the exclusions did not apply); (2) NHIC failed to deliver the policy to anyone (so it was estopped to rely on the applicable exclusions); or (3) NHIC delivered the policy to Flowers, but because Flowers was not the agent of Blue Water for the purpose of delivery of the policy, the delivery was not effective (so NHIC was estopped to rely on the applicable exclusion). The trial court in *New Hampshire* ruled that there was sufficient evidence to support

whichever alternative the jury had relied upon. NHIC has appealed *New Hampshire*, but the Eleventh Circuit has yet to resolve the appeal.

NHIC now brings this suit against Flowers, alleging that the reason the coverage exclusions did not apply (and hence, the reason NHIC is liable to Blue Water for the loss of the yacht under the insurance policy) is that Flowers breached its own contractual and common-law duties to deliver the policy to Blue Water once NHIC and Hodgens had delivered the policy to Flowers. In addition, NHIC claims that the coverage exclusions did not apply because Flowers's false representations about its relationship with Blue Water caused Hodgens to deliver the policy to Flowers instead of Blue Water.

In response, Flowers moves to dismiss the entire case on four grounds: (1) this suit is "premature" because NHIC's appeal of *New Hampshire* is not complete; (2) this suit is barred by the judgment in *New Hampshire* under the doctrine of claim preclusion; (3) Flowers owed no duty to deliver the policy to Blue Water as a matter of law; and (4) the jury's decision in *New Hampshire* deserves issue preclusion and thus compels the Court to dismiss this case.[1] The Court will address each argument in turn.

---

[1] No party has challenged this Court's jurisdiction over the subject matter of this case or the parties. In addition, no party has argued that this Court is not the proper venue for these proceedings.

## II. DISCUSSION

### A. "Prematurity"

First, Flowers argues that this action is premature because Alabama law does not permit a party to bring a stand-alone claim for indemnity without satisfying the judgment in the underlying suit first. Because NHIC has appealed the judgment in *New Hampshire* rather than pay the damages awarded by the jury, Flowers asserts that NHIC has not satisfied the underlying judgment and, therefore, cannot bring this case.

The Court disagrees. Flowers has failed to prove that the underlying premise of its argument is correct: that NHIC's claims in this case are claims for indemnity. NHIC's complaint does not bring any express claims for indemnity. Rather, it brings claims for breach of contract, breach of common-law duty, and misrepresentation.

Flowers has not presented to this Court any case law that stands for the proposition that a court has the authority to amend a plaintiff's complaint to convert expressly pleaded substantive claims into claims for indemnity. The sole case to which Flowers cites, *Choice Builders, Inc. v. Complete Landscape Services, Inc.*, 955 So. 2d 437, 439 n.1 (Ala. Civ. App. 2006), merely suggests that a court should evaluate a claim for indemnity that arises by operation of law (as

opposed to a claim for indemnity that arises from an express or implied contract) by reference to the substantive tort theories upon which the claim is predicated. It does not hold that a court may read a claim for indemnity into a complaint even though such a claim is not expressly pleaded. Therefore, this Court will deny the motions to dismiss to the extent they are based on this suit's alleged prematurity.

### B. Claim Preclusion

Second, Flowers argues that the doctrine of claim preclusion bars NHIC from bringing the claims in this case because those claims could have been raised in *New Hampshire*.

The Court disagrees. Flowers cannot prove the threshold requirement for claim preclusion: that the parties, or those in privity with them, are identical in both *New Hampshire* and this suit. *I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1549 (11th Cir. 1986).[1] In *New Hampshire*, NHIC sued Blue Water. In this case, NHIC is suing a different party, Flowers.[2]

---

[1] The Court applies federal preclusion law. *See CSX Transp., Inc. v. Bhd. Maint. of Way Employees*, 327 F.3d 1309, 1316 (11th Cir. 2003) ("[F]ederal preclusion principles apply to prior federal decisions, whether previously decided in diversity or federal-question jurisdiction.")

[2] In addition, Flowers has not presented this Court with any case law showing that the Eleventh Circuit does not follow the mutuality principle in claim preclusion. *See In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001) ("At all times the burden is on the party asserting res judicata . . . to show that the later-filed suit is barred."). Therefore, both parties in the second suit must be identical to both parties in the first suit.

Flowers argues that Flowers and Blue Water are in privity with each other because they have similar interests.  The Supreme Court recently stated that a nonparty may be bound by a prior judgment if the nonparty was "adequately represented by someone with the same interests who was a party to the suit." *Taylor v. Sturgell*, 128 S. Ct. 2161, 2172 (2008).  However, this exception to the rule against nonparty preclusion is extremely limited.  "A party's representation of a nonparty is 'adequate' for preclusion purposes only if, at a minimum: (1) the interests of the nonparty and her representative are aligned; and (2) either the party understood herself to be acting in a representative capacity or the original court took care to protect the interests of the nonparty."  *Id.* at 2176.

Flowers has presented absolutely no evidence showing either that Blue Water thought it was representing Flowers's interests in *New Hampshire* or that the trial court in *New Hampshire* took preventative or remedial action to protect Flowers's interests during that case.  Therefore, the Court will deny the motion to dismiss to the extent it is based on claim preclusion.

### C.  Duty to Deliver

Third, Flowers challenges NHIC's breach-of-contract and breach-of-duty claims on the ground that Flowers did not owe a duty to deliver the policy and, therefore, NHIC has failed to state a claim upon which relief can be granted.

7

The Court agrees that dismissal is appropriate, but only because it finds that the complaint, as written, fails to satisfy the *Iqbal–Twombly* pleading standard. To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain enough factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561–62 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 559.

NHIC has not stated a plausible breach-of-contract claim or a plausible breach-of-duty claim because it has presented in its complaint nothing more than a formulaic recitation of the element of the duty owed by Flowers for each claim. This Court cannot assess whether Flowers owed any duty to deliver the policy to Blue Water as a matter of contract or tort law because of the lack of specific facts to support the existence of the duty. For example, the complaint does not explain to whom Flowers's duty to deliver the policy is owed. To the extent the duty arises from a contract, the complaint does not identify the contract or the parties to it, explain how the contract was formed, state if the contract is an express or

8

implied contract, or define the scope of the duty owed.  Similarly, to the extent the duty arises from tort law, the complaint does not explain what tort is implicated or whether the duty that Flowers owed flows from a fiduciary relationship.

This Court does not rule that NHIC's complaint needs all of these facts to satisfy the *Iqbal–Twombly* pleading standard.  But it does need more facts that it currently has in order to state a plausible claim that Flowers owed a duty to deliver the policy to Blue Water.  Therefore, the Court will grant the motion to dismiss with respect to the breach-of-contract and breach-of-duty claims.  The Court will permit NHIC to amend its complaint to re-plead these claims.

### D.  Issue Preclusion

Fourth, Flowers asserts that the doctrine of issue preclusion compels this Court to dismiss NHIC's case.[3]  Specifically, Flowers argues that this Court should give preclusive effect to *New Hampshire*'s implicit finding that the policy exclusions do not protect NHIC from liability for the loss of the yacht.  Flowers asserts that because *New Hampshire* deserves preclusive effect, NHIC should be barred from denying all (and should be required to admit at least one) of the only three factual scenarios upon which the judgment in *New Hampshire* might have

---

[3] Having already dismissed Flowers's breach-of-contract and breach-of-duty claims, the Court will address Flowers's motion to dismiss on issue-preclusion grounds only as it relates to the two remaining misrepresentation claims.

been based: (1) the captain of the yacht was not intoxicated; (2) NHIC did not deliver the policy to anyone; or (3) NHIC delivered the policy to Flowers, but Flowers was not an agent of Blue Water for the purpose of delivery. Flowers argues that because the facts of each of these three scenarios prevent NHIC from prevailing in this case, the Court should dismiss the case for failure to state a claim upon which relief can be granted. In other words, Flowers argues that in order to give preclusive effect to the *New Hampshire* judgment, NHIC must admit facts that necessarily preclude its recovery from Flowers.

The Court disagrees. It is not true that the facts of each of these three scenarios necessarily preclude NHIC's claims in this case.[4] The facts of the third scenario do not prevent NHIC from proving any of the four elements required under Alabama law to recover on its misrepresentation claims: (1) a false representation; (2) concerning a material existing fact; (3) upon which the plaintiff reasonably relied; and (4) which proximately caused injury or damage to the plaintiff. *Auburn Ford, Lincoln Mercury, Inc. v. Norred*, 541 So. 2d 1077, 1080 (Ala. 1989).

Regarding the first element (false misrepresentation), neither NHIC's

---

[4] The Court expresses no opinion on whether the *New Hampshire* judgment deserves preclusive effect or whether the judgment might be predicated on a factual scenario other than the three presented by Flowers.

delivery of the policy to Flowers rather than to Blue Water nor the lack of an agency relationship between Flowers and Blue Water proves that Flowers did not make a representation to Hodgens or that the representation made to Hodgens was not false. If anything, the *New Hampshire* jury's finding that Flowers was not an agent of Blue Water tends to suggest the exact opposite: that Flowers's statement to Hodgens that it had authority to receive insurance correspondence on behalf of Blue Water was, in fact, false.

As for the second element (a representation concerning a material existing fact), neither NHIC's delivery of the policy to Flowers nor the lack of an agency relationship between Flowers and Blue Water has any bearing on whether the misrepresentation went to a subject that was not material, existing, or factual.

As for the third element (reasonable reliance), neither NHIC's delivery of the policy to Flowers nor the lack of an agency relationship between Flowers and Blue Water negate proof of reliance. Actually, it establishes the facts necessary to show reliance—that NHIC sent the policy to Flowers rather than Blue Water on account of the misrepresentation. In addition, the finding that there was no agency relationship between Flowers and Blue Water does not affect the reasonableness of NHIC's reliance on Flowers's misrepresentation. The jury in *New Hampshire*, in making that finding, would only have examined actual and apparent authority,

11

both of which flow from the statements and actions of the purported principal, Blue Water.  In other words, the *New Hampshire* jury had no occasion to evaluate the statements and actions of the purported agent, Flowers.  Therefore, the *New Hampshire* jury finding says nothing about whether it would have been reasonable for NHIC to rely on Flowers's statements and actions, including the alleged misrepresentation.

Lastly, on the fourth element (proximate causation of injury), neither NHIC's delivery of the policy to Flowers nor the lack of an agency relationship between Flowers and Blue Water disproves the fundamental argument of NHIC's complaint: that Flowers's misrepresentation, by inducing NHIC to send the policy to Flowers rather than Blue Water, caused the policy exclusions to not apply to protect NHIC in *New Hampshire*.

Therefore, because at least one of the three alternatives upon which the *New Hampshire* judgment might have been based would not automatically render NHIC's claims legally void, and because the nature of the general jury verdict in *New Hampshire* means that Flowers cannot prove which of the three alternatives was the actual reason for the jury's decision, the Court will deny the motion to the extent it is based on the issue-preclusive effect of *New Hampshire*.

### III.  CONCLUSION

Accordingly, it is hereby ORDERED as follows:

1.  Flowers's Motion to Dismiss (Doc. # 6), filed on August 26, 2009, and Motion to Dismiss Plaintiff's First Amended Complaint (Doc. # 16), filed on October 22, 2009, are GRANTED on the duty-to-deliver argument and DENIED in all other respects.

2.  NHIC's breach-of-contract and breach-of-duty claims are DISMISSED with leave to amend the complaint to re-plead those claims on or before April 13, 2010.

DONE this the 30th day of March, 2010.

                                                    /s/ Mark E. Fuller
                                      CHIEF UNITED STATES DISTRICT JUDGE